LOUDEN MACHINERY CO. v. STRICKLER.

(Circuit Court, W. D. Wisconsin. March 7, 1911.)

Nos. 30–D, 34–D.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PULLEY FOR HAY CARRIERS.

The Louden patent, No. 515,296, for a round-topped swinging pulley for hay carriers,. was not anticipated, and discloses patentable novelty; also *held* infringed.

2. PATENTS (§ 328*)—NOVELTY—HAY CARRIER.

The Louden patent, No. 620,467, for an improvement in grappling hooks for hay carriers, is void for lack of novelty.

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—HAY CARRIER MECHANISM.

The Louden patent, No. 555,605, for a locking dog for track hangers for hay carriers, *held* valid, but, as limited by the prior art, not infringed.

In Equity. Two suits by the Louden Machinery Company against Frank B. Strickler. Decree for complainant in first case in part, and for defendant in second case.

Jones, Addington, Ames & Seibold, for complainant.
Offield, Towle, Graves & Offield, for defendant.

SANBORN, District Judge. Bills for infringement of three patents: No. 515,296, issued to complainant February 20, 1894; No. 620,467, issued to William Louden February 28, 1899; and No. 555,-605, issued to William Louden March 3, 1896. As an aid to clearness, a description of the Louden self-locking patent contained in Lou-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

den Machinery Co. v. Janesville Hay Tool Co. (C. C.) 141 Fed. 975, 982, may be read, in connection with the following cuts:

In the opinion referred to it is stated that the hay carrier there involved, patented August 19, 1890, marked the final step in the development of the art. It is shown in this record, however, that there were still serious defects in operation, which it is now asserted have been fully remedied, so that the art has again reached its final stage, and will, it is to be hoped, continue to progress.

The three forms of improvement are indicated in the cuts. Round-topped swinging fork pulleys are covered by the first patent, the finger hooks on the upper arms of the grappling hooks by the second, and the circular bottom locking dog by the last. The object of the new pulley was to gain free swinging movement in place of rigidity. The older locking heads could only register by a vertical pull, while the round-topped pulleys register vertically and at any side angle up to 45 degrees. The object of the finger hooks was to make both arms move in unison. Formerly the vertical movement of the registering head,

striking both upper arms of the mated grappling hooks, made this unnecessary; but with the invention of the new form of pulley, having an angular approach, only one arm might be caught and moved by it, so it was better to arrange the arms so that they would co-operate, and move together. The last device, or circular locking dog or key, was made desirable by the improvements of Miller, Ney, Brower, and Hall, relating to swiveling or turntable carriers. Their patents are all prior to the first Louden patent here in question. The invention of Miller, No. 288,839, dated April 5, 1883, shows a division of the upper and lower parts of the carrier. The lower part, carrying the pulley and grappling hooks, is swiveled on the upper part, carrying the track wheels and locking dog, so that the lower portion may swing like a turntable. This allows power to be applied at either end, and relieves side strains on the pulley and grappling hooks. Louden's improvement, clearly shown by the cuts, introduced a locking dog with a circular bottom operating between the opposite upper arms of the grappling hooks, in place of a sliding bar, obtaining a better result by cheapened means.

[1] 1. The round-topped pulley, No. 515,296: The prior art has been carefully considered. All prior patents, except Cross, No. 407,-924, December 8, 1888, belong to the old type of locking devices, described in the Janesville Case cited, having registering heads adapted to lock only on vertical approach. The Cross invention, on the other hand, would clearly infringe, and, if actually earlier than Louden, would anticipate. It was so held by the examiner of Louden's application. The objection was met, however, by Louden's affidavit, showing a construction covering his present claims as early as November 4, 1886. The testimony relating to this shows very satisfactorily that Louden anticipated Cross by two years. The burden of proof is fully met. I see no reason, therefore, for denying novelty. There is a new result, and new mode of operation. Infringement is also clear, being substantially admitted.

[2] 2. The finger hooks, No. 620,467: Construction and operation are clearly indicated by the cuts. No anticipation appears, unless by an earlier invention by Louden himself, patent No. 559,508, also shown in one of the cuts. The object sought by both devices was to make the grappling hooks move in unison. Both are operative and successful, but the second is a considerable improvement. The first device needed careful adjustment, never working satisfactorily. It was too expensive, and easily got out of order. The other always works, keeps in order, and can be cheaply made, without the necessity of machining, filing, or careful adjustment. It seems clear, however, that no invention was required to create the improved form. It is only a development of the first, readily suggested by ordinary mechanical skill. The earlier claim is for grappling devices "having forked tongues extended inwardly across the throat of the carrier, so as to catch on each other and communicate movement one to the other." This claim evidently reads on the later device. Patent No. 620,467 should therefore be held invalid, as lacking novelty.

[3] 3. The locking dog patent, No. 555,605: The four claims in suit read as follows:

"1. The combination of an upper frame adapted to run on a track, a lower frame swiveled to the upper frame and carrying pulley-supporting mechanism, and a dog having an annular lip adapted to engage said mechanism at any point on its circumference.

"2. The combination of an upper frame adapted to run on a track, a lower frame swiveled thereto and carrying pulley-supporting mechanism, a dog having upwardly-extending arms and an annular lip adapted to engage said pulley-supporting mechanism at any point on its circumference, and a stop to engage the upwardly-extending arms, substantially as set forth.

"3. The combination of an upper and a lower frame swiveled together, a dog mounted in the upper frame and having an annular lip, and a hook or arm pivoted in the lower frame and adapted to engage the lip of the dog at all points on its circumference, substantially as and for the purpose set forth.

"4. The combination of an upper and a lower frame swiveled together, a sheave journaled in said lower frame, a rope passed over said sheave so as to form a loop, a pulley-block hung in said loop, a pivoted hook or arm to engage and support said pulley-block, and a dog having an annular lip adapted to hold the hook or arm in engagement with the pulley-block at all points on its circumference, substantially as set forth."

Specifications, claims, and drawings all call for a locking dog with an annular or ring-shaped base. All the locking dogs of the prior art relating to swivel carriers had solid cylindrical bases. Were it not for this, the claims might fairly be broadened so as to cover a cylindrical base; but, if that be done, the first and second Louden claims read on the structures of the prior art. Construing the Louden claims as they read, defendant does not infringe, since its locking dog has a solid, cylindrical base, almost identical with those of the earlier patents of Miller and Ney. In any event, claims 3 and 4 are not infringed, because limited to one grappling hook or arm, while defendant uses two, and both necessary to the operation of its carrier.

The combination of the first claim of the patent in suit, broadly construed, covers four elements, being an upper frame running on the track, a lower frame swiveled thereto and turning thereon, pulley-supporting mechanism in the lower frame, and a locking dog with cylindrical base adapted to engage the supporting mechanism at any point on the base. It is claimed for complainant that Louden has dispensed with one of these elements, being a horizontal sliding bar, with which a cylindrical based locking dog engages to support the pulley. However, as I am able to understand the matter, and as Mr. Louden testifies, this sliding bar is part of the pulley-supporting mechanism. If "cylindrical" be substituted for "annular," this claim 1 reads squarely on the drawings of the Miller patent of 1883, No. 288,839. The sliding bar should be regarded as an inwardly-extending upper arm of one of the Louden grappling hooks, present in the later patent in a different form. I cannot see that Louden has dispensed with any element found in Miller; also in the Ney patent of 1884, No. 308,848. The locking dogs of Ney and Miller are the same as in Louden (aside from the annular form), except that Louden's cylindrical base is much larger. This is shown by one of the cuts.

At the same time it cannot be denied that Louden simplified the means used in the earlier devices, and also obtained an improved result, more efficient and cheaper. That his invention, construed as the claims literally read, is a good, patentable combination, does not admit

of the slightest doubt. So construed, as I think it must be under the prior art, defendant does not infringe.

In case 30–D, the decree should adjudge validity of patent 515,296, infringement, and that No. 620,467 is anticipated by the earlier Louden patent, and therefore invalid for want of novelty, without costs for or against either party. In case 34–D, patent 555,605 should be adjudged valid, but not infringed, with costs in favor of defendant.